IN THE MATTER OF THE PROPOSED VILLAGE OF HARRIS-VILLE *v.* JOSEPH LAWRENCE AND OTHERS, APPELLANTS.

*Election held, under chapter* 291 *of the Laws of* 1870, *to determine as to the incorporation of a proposed village — chapter* 262 *of the Laws of* 1890 *is not applicable thereto — costs — order of county judge appealable under section* 1357 *of the Code of Civil Procedure.*

The provision of section 11, title 1 of chapter 291 of the Laws of 1870, providing that the county judge, on rendering a decision adverse to the prayer of the petition of appeal from an election on the question of incorporating a proposed village, shall direct, by order, such portions as he may deem just of the sum required by the act to be deposited on such appeal to be paid to the persons in such order named, and the balance to the person who deposited the same, authorizes the county judge to provide in such order for paying the expenses or costs of the appeal out of the sum deposited.

By force of section 1357 of the Code of Civil Procedure, an appeal lies to the General Term of the Supreme Court, from an order of a county judge, made on an appeal under section 11, title 1 of chapter 291 of the Laws of 1870.

*Semble,* that on an appeal to the county judge, under section 11, title 1 of chapter 291 of the Laws of 1870, after an election on the question of incorporating a proposed village, the principal question to be determined by him is whether or not the election was valid.

*Semble,* that the provisions of chapter 262 of the Laws of 1890, entitled " An act to promote the independence of voters at public elections, enforce the secrecy of the ballot and provide for the printing and distribution of ballots at public expense," do not apply to an election on the question of incorporating a proposed village held under chapter 291 of the Laws of 1870; and that the provisions of chapter 291 of the Laws of 1870, in reference to elections on the question of incorporating proposed villages, were not repealed or altered by chapter 262 of the Laws of 1890.

APPEAL by Joseph Lawrence and others, petitioners, from an order made by the county judge of Lewis county, and entered in the clerk's office of said county on the 4th day of April, 1892, which order contains the following language : " I find and decide that such prior proceedings and such election for the incorporation of said village of Harrisville were and are valid and legal, and that said village was duly incorporated, and it is ordered that the appeal herein be and the same is hereby dismissed."

Also an appeal from an order made by the same judge on the 13th day of April, 1892, and entered in said clerk's office on the 13th day of April, 1892, which contains the following provision :

" I order and direct that out of the moneys deposited with said county clerk he pay Fred C. Schraub fifty dollars, as attorney for respondents in said matter, to Elmer P. Lake the sum of seven dollars for witness fees and expenses, and to Milton Carter fifteen dollars for services rendered in assistance of the respondent's attorney in the defense of said appeal, and that he pay the balance of said money to wit, twenty-eight dollars, to W. B. Van Allen, the attorney of appellants depositing the same."

*W. B. Van Allen,* for the petitioners, appellants.

*Fred C. Schraub,* for the respondent.

HARDIN, P. J.:

Proceedings were instituted under chapter 291 of the Laws of 1870 for the incorporation of the village of Harrisville. Subsequent to the preliminary proceedings provided for in the early sections of that statute, a petition was filed in virtue of section 11, title 1 of the statute; that section provides that any elector qualified to vote at such election may appeal to the county judge of the county in which the territory is situated " by petition specifying the irregularities in and objections to such election." That section provides for a deposit with the county clerk of the county of the sum of $100 " to meet the expenses of the appeal." It also provides that a day for the hearing of the same shall be appointed by the judge. A day was appointed to wit, the fifteenth of March, and the parties interested in the proceedings stipulated to adjourn the hearing until the sixteenth, and on that day they appeared before the judge and a hearing was had. The section provides that " such judge shall have power by subpœna to compel the attendance of witnesses before him on such a day or on adjourned days." Acting under this provision the parties on either side to the contest produced witnesses before the county judge who were sworn and gave evidence, upon which the judge acted, in connection with the papers relating to the formal matters connected with the proceeding. It may be observed that this provision in the section seems to be for the purpose of enabling the county judge in disposing of any questions arising in regard to the election : to take evidence and ascertain all the facts essential to a just conclusion in the premises. The section further provides : " His decision as to the legality or illegality of such election shall be rend-

ered within thirty days from the day of presenting the petition of appeal to him." It may be observed that in the early part of the section it is provided that the petition shall specify objections to "such election," and in the latter part of the section the words, "His decision as to the legality or illegality of such election" seem to provide principally for the review of the election. In a later section it is provided that "if the county judge shall decide such election to be legal, he shall file an order," etc. In the thirteenth section of title 1 it is provided that "if the county judge shall decide such election to have been illegal, he shall forthwith, on rendering his decision, make an order and file the same in the county clerk's office in the county in which such territory shall be, directing another election to be held to determine the question of the incorporation of such territory." It seems, therefore, that the principal question to be determined by the county judge, in the proceeding now here for review, was whether or not the election held was valid, was legal or was illegal. It seems that the supervisor and town clerk, pursuant to section 8 of the statute, constituted the board of inspectors for the election; they presided at the election, received the ballots upon which ballots those favoring the incorporation wrote the word "Yes," and those opposed to the incorporation wrote the word "No," in accordance with the provisions found in section 9. A certificate was made out of the holding of the election, and of the canvass of the ballots which showed the whole number of ballots with the word "Yes" thereon, and with the word "No" thereon, together with a copy of the notice of the holding of such election, and an affidavit of posting and publishing the same, and the certificate was signed by the inspectors and verified by their affidavit, and was filed in the county clerk's office in the county of Lewis, in accordance with the provisions of section 10 of the statute. By the papers produced before the county judge, and by the evidence produced before him, it clearly appeared that a majority of the persons voting at such election, in pursuance of the statute, were in favor of the incorporation; and the papers and evidence warranted the judge in concluding, as he did, that the election was held in accordance with the provisions of the statute upon that subject.

However, it is insisted, in behalf of the appellants, that the election was not held in accordance with the provisions of

chapter 262 of the Laws of 1890. The first section of that statute provides that, "All ballots cast in elections for public office within this State, shall be printed and distributed at public expense." The second section provides that any convention or primary meeting "held for the purpose of making nominations to public office  *  *  *  may nominate candidates for public office to be filled by election within the State." In the case in hand, no election for public office was to be, or was held in the town of Diana, or in the territory proposed to be incorporated. The acts just referred to, as well as the other sections, do not seem to apply to the case in hand. In section 45 of the act of 1890, it is provided that "all acts or parts of acts inconsistent with the provisions of this act are hereby repealed." Inasmuch as the act of 1890 relates to public officers to be elected, rather than a question of whether a certain project or proceeding shall be approved, we are inclined to the opinion that the provisions of the act of 1870 were not repealed or altered by the Laws of 1890. We are of the opinion that the county judge was warranted, by the papers and the evidence produced before him, to find and decide as he did that the election was legal.

(2.) Having reached the conclusion that the election was legal, we think the provision in section 11 of title 1 authorized him to provide for paying the expenses or costs of the appeal out of the $100 deposited with the county clerk. The section provides as follows : " If such decision be adverse to the prayer of such petition, he shall, within ten days from rendering such decision, by order, signed by him, direct such portions as he may deem just of the one hundred dollars deposited with the county clerk to be paid by such clerk to the persons in such order named, and the balance to the person or persons who deposited the same." The order was made within ten days from the order in which he decided that the election was legal.

(3.) We are of the opinion that section 1357 of the Code of Civil Procedure provides for an appeal from the order made by the county judge, as that section authorized an appeal from an order " affecting a substantial right, made by a court of record, possessing original jurisdiction, or a judge thereof, in a special proceeding instituted in that court, or before a judge thereof, pursuant to a

special statutory provision." The county judge of Lewis county was a "judge of a court of record having original jurisdiction;" and the special proceedings were brought before him " pursuant to a special statutory provision." The question was raised in the *Matter of the Proposed Village of Elba* (30 Hun, 548), although it was. not directly passed upon by this court when that decision was made.

(4.) Several other questions are raised and discussed in the brief of the learned counsel for the appellants, and are quite satisfactorily disposed of by the opinion of the learned county judge.

We think the orders appealed from should be affirmed, with costs.

MARTIN and MERWIN, JJ., concurred.

Order of April 4, 1892, affirmed, with costs as upon an appeal from a judgment. Order of the 13th of April, 1892, affirmed.