"Sealed and delivered in the presence of E. Williams.

"Indorsed: Warranty Deed. James Kidd and Jane Maria, his wife, and Peter Cagger and Elizabeth F., his wife, to Jacob I. Dietz. Dated the 17th day of May, 1867."

There was evidence tending to show that Church delivered this instrument to Jacob I. Dietz, the grantee therein named, at the time it bears date, and the plaintiff urges that it appears from the deed itself that Dietz paid the consideration therein expressed of $2,000. The plaintiff also put in evidence a deed from Jacob I. Dietz to Jacob M. Snyder, purporting to convey the premises in question, dated July 3, 1890. The plaintiff also proved the death of Walter S. Church after the commencement of this action, the probate of his will, and the substitution of Henrietta Church, his executrix, and devisee of his lands, as defendant in this action. Upon these facts the defendants at the close of the plaintiff's evidence asked the court to nonsuit the plaintiff. The plaintiff insisted in submitting the case to the jury. The court declined to submit the case to the jury, and nonsuited the plaintiff.

If this action had been to reform a deed for mistake or fraud, I should be strongly inclined to grant relief; but as the case stands I see no ground for granting a new trial. Clearly the plaintiff has failed to show any legal title in himself, as the grantors to Dietz do not appear to have had any title to these lands, either legal or equitable. Dietz therefore acquired no title which he could convey to Snyder. This being so, it is unnecessary to examine the alleged defect in the defendants' title to these premises, as the rule is well settled that in actions of ejectment the plaintiff must recover upon the strength of his own title, and not upon the weakness of the title of his adversary.

There seems to be another objection to the recovery of the plaintiff in this action upon the fact of the complaint and proof. The complaint shows that the defendants were at the time of the commencement of the action, and for eight years prior thereto had been, in possession, holding adversely to the plaintiff's grantor. The plaintiff's deeds bear date in 1890, and while the defendants were in possession. As matter of law, as against the defendants, the plaintiff's deed was void for champerty. We think the learned judge was right in nonsuiting the plaintiff.

Judgment affirmed, with costs.

---

(70 Hun, 547.)

GARDNER v. CHRISTIAN et al.

(Supreme Court, General Term, Third Department. July 8, 1893.)

INCORPORATION OF VILLAGE—IRREGULARITY OF ELECTION—REMEDY.

Laws 1870, tit. 1, c. 291, § 11, as amended by Laws 1878, c. 59, § 2, relating to the incorporation of villages, provides that, within 10 days after filing the certificate of election in the county clerk's office, any qualified

voter at such election may appeal to the county judge, specifying the irregularities therein. Section 13, as amended by Laws 1878, c. 59, § 4, provides that the county judge must, within a specified time, decide as to the legality or illegality of such election, and, if illegal, he shall forth-with make an order, and file it in the clerk's office, directing another election to be held, etc. Title 8, c. 291, § 2, provides that certificates of the inspectors of election, or certified copies, with the seal of the clerk, shall be final and conclusive proof of the incorporation of such village, and the regularity thereof, except in case of an appeal from the election, as thereinbefore provided. *Held,* that the remedy by such appeal from an election on the question of incorporating a village was exclusive, and that the validity of incorporation proceedings cannot be attacked by bring-ing an action of conversion against the tax collector and other officers of the village, who have taken property of plaintiff to satisfy taxes due from him.

Appeal from Columbia county court.

Action by Eugene Gardner against Edward Christian, George Baker, and George W. Vedder for the conversion of certain personal property. The action was commenced in justice's court, and taken, on appeal by defendants, to the county court. From a judgment for defendants, plaintiff appeals. Affirmed.

The opinion of CADY, J., in the county court, is as follows:

This is an appeal by the defendants from a judgment rendered against them, and in favor of the plaintiff, by Jacob A. Hallenbeck, Esq., a justice of the peace of the town of Greenport, Columbia county, on the 10th day of February, 1893, for twelve dollars and eighty-nine cents damages and costs. The action involves the question whether an attempt made during the year 1892, by some of the residents of certain territory in the town of Claverack, in Columbia county, to incorporate a village to be called "Phil-mont," resulted in its legal incorporation, or failed of reaching that result. That question is an important one, for reasons that are so apparent that they need not be enumerated here. A formal incorporation of the village has been had. Village officers have been elected. An assessment of real and per-sonal property within the municipal boundaries, for municipal purposes, has been laid; and, out of an effort made by the authorities to enforce the collection of village tax based upon such assessment, this action has arisen. The name of the plaintiff appeared upon the assessment roll. He was as-sessed for real estate valued at $2,800, upon which the amount of tax levied was $5.04. This tax he declined or neglected to pay. Thereupon the defend-ant Edward Christian, claiming to be the collector of the village, and acting under a warrant signed by the defendant Baker, as president, and counter-signed by the defendant Vedder, as clerk, of the village, respectively, did on the 23d day of November, 1892, levy upon and carry away from the premises of the plaintiff, without the latter's assent and authority, and against his will, two barrels of flour belonging to the plaintiff, of the alleged value of eleven dollars. The actual value of the flour is immaterial. It has some value, and that is enough for the purposes of the case. Christian made the levy for the purpose of satisfying the tax against the plaintiff, who thereupon brought this action, upon the ground that the taking of the flour was an un-lawful conversion of his property, and he had judgment below, sustaining his contention. That judgment I must reverse, and the reason for doing so seems very clear to me. The plaintiff claims, in effect, that the defendants were not protected in their conduct by the sanctity of any official character, for they were not officers of the village of Philmont, because there was no village of Philmont; and the reason he assigns for there having been no in-corporation is that the notice of the election to determine whether there shall be an incorporation, provided for by section 7 of title 1 of chapter 291 of the Laws of 1870, as amended, was not signed by "twenty of the electors resident within the bounds of said proposed village, who shall be liable to

be assessed for the ordinary and extraordinary expenditures of said village." Evidence was produced by the plaintiff upon the trial, and received, that tended to show that several of the electors who signed the notice of election which was posted and published on May 30, 1892, were not liable to be so assessed, and I shall regard that fact as having been established by the proof. No other instance of disobedience to the requirements of the statute in incorporating the village is urged by the plaintiff; and it was, indeed, expressly admitted upon the trial, by a series of admissions appearing upon the return, that in all other respects the procedure of the incorporation was legal.

The plaintiff's counsel insist that the signing of the notice by at least twenty assessable electors of the territory in question was essential to confer jurisdiction upon the resident electors of that territory to hold any election at all for the purpose of deciding whether there should be an incorporation. I am rather inclined to the view of the defendants' counsel, that the cardinal jurisdictional basis for the incorporation of villages is the existence of the minimum resident population provided for by section 1 of title 1 of chapter 291 of the Laws of 1870, as it stood amended in 1892, and that the subsequent provisions of the statute are provisions of machinery and procedure. That minimum of population must exist, or there can be no village. No proceedings, no matter how scrupulously conducted, could create a village out of a less number of inhabitants. It is not contended here that the requisite number of inhabitants did not exist upon the territory now embraced in the village of Philmont when the proceedings for incorporation were instituted. Therefore, a village could be incorporated, if the proceedings for its creation were regularly conducted. All the steps in the process, actually taken, are admitted to have been formally correct, save the call for the election. That call was a part of the election process. If not signed by at least twenty assessable inhabitants, it was an irregular and objectionable call, and an election based upon it was an objectionable and irregular election. A certificate showing the result of the election that was actually held was made by the proper authorities, and properly filed in the county clerk's office. Now, assuming that the election thus called, held, and certified was irregular and objectionable, because the call for it was objectionable and irregular, an ample and summary method of correction existed. Section 11 of title 1 of the act of 1870, as amended by section 2 of chapter 59 of the Laws of 1878, provided that "within ten days after such filing [of the certificate of the election in the county clerk's office] any elector qualified to vote at such election may appeal to the county judge of the county in which such territory shall be located, * * * specifying the irregularities in, and objections to, such election." The county judge must thereupon, within a specified time, decide as to "the legality or illegality of such election;" and "if the county judge shall decide such election to have been illegal he shall forthwith, on rendering his decision, make an order, and file the same in the county clerk's office, * * * directing another election to be held to determine the question of the incorporation of such territory." Section 13 of the act of 1870, as amended by section 4, c. 59, Laws 1878. The call for this second election, so ordered, need not be signed by at least twenty assessable residents of the territory, but "shall be held on notice of such election, signed by some one or more of the persons designated as inspectors of election for the previous election as to incorporation, etc." Id. The fact that the second election, which shall be final for two years, if against incorporation, and from which no appeal can be taken in any event, may be thus held upon a call signed by one inspector of election, seems to me to indicate that the legislature regarded the call for the election as only an auxiliary part of the machinery. I have no doubt that the fact that the requisite number of assessable resident electors had failed to sign the notice of the election would constitute such an irregularity in the election, and such an objection to it, as would require the county judge, upon the appeal to him provided for by the act, to order a new election. I am equally clear, however, in my conviction that such an irregularity and such an objection can only be presented and heard upon such an appeal, and cannot be used as the basis for an action like the

one before me. The whole statute, taken together, indicates an intention on the part of the legislature to establish a method for promptly and readily disposing of all questions relating to the regularity of the election, before an easily-accessible tribunal, vested with exclusive jurisdiction for that purpose. I do not think that those questions can be litigated in any other way, nor in any other court. Plain public policy suggests that they shall be decided upon, and finally disposed of, before a formal incorporation shall take place; otherwise, they might be raised long after the de facto incorporation had been made; long after it had apparently been acquiesced in, and after important vested interests had been created upon the strength of a public belief in the regularity of the election of the village. The requirement of the statute that the appeal shall be taken to the county judge within ten days after the filing of the certificate of the election is not unreasonable. Knowledge of the election proceedings is then fresh in the minds of all concerned, and the whole subject then possesses such a vital interest as would lead to energetic prosecution and defense, and tend to enforce a careful and patient review.

These views of the legislative intent are made convincing to me by the provisions of section 2, tit. 8, c. 291, of the Laws of 1870, which are as follows: "The certificate of the inspectors of election presiding at the first and second election at which the question of incorporating the village was decided affirmatively, or a copy of the same, certified by the county clerk of the county in whose office it shall be filed and recorded, with his seal of office, shall be final and conclusive proof of the incorporation of such village, and the regularity thereof, in all courts and places, and in all actions and proceedings, except in case of an appeal from the election, as hereinbefore provided." From the controlling effect of this enactment no way of escape has been pointed out to me that appears to be legally feasible. There can be no question that the legislature possessed ample power both to make the appeal to the county judge an exclusive remedy for the correction of irregularities in the election, and to make the certificate of the first or second election "final and conclusive proof of the incorporation of such village, and the regularity thereof in all courts and places, and in all actions and proceedings, except in cases of an appeal from the election, as hereinbefore provided." An appeal to the county judge was never taken to review the election for the incorporation of Philmont. The certificate of election was duly made and filed in the county clerk's office, and a properly authenticated copy of that certificate was received in evidence by the justice on the trial in the court below, and appears in the return. That constituted final and conclusive proof of the incorporation of Philmont, and of the regularity thereof. The justice should have been controlled by it, in rendering his judgment. He disregarded the mandate of the legislature, in failing to accord to the evidence its statutory effect, and in order to reach the conclusion embodied in his judgment he must have necessarily decided that Philmont is not a duly-incorporated village. This was error, and the judgment appealed from was plainly against the weight of the evidence.

Plaintiff admitted that all proceedings for the assessment, levy, and collection of the tax against the plaintiff, including the sale of the property, were had in accordance with the forms and requirements of the statutes for incorporated villages, and only claimed that the same were void by reason of the irregularity and invalidity of the notice of election, claimed by him to exist, and not otherwise. A similar admission was made as to the appointment and qualification of the defendant Christian, who made the seizure of the goods. I have regarded the fact that several of the electors who signed the notice of election were not liable to assessment as having been established, in order to give to the plaintiff the utmost benefit of his proof upon that subject. It is contended by the defendants that such was not the fact, and that these electors were liable to assessment, within the purview of the act. It is not necessary for me to decide the question thus arising, in view of the grounds upon which I have disposed of the case, and I have not undertaken to do so. Judgment reversed, with costs.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

Cadman & Peck, (John P. Cadman, of counsel,) for appellant.

A. Frank B. Chace, for respondents.

HERRICK, J. I do not think the validity of the proceedings incorporating a village can be attacked in the manner attempted in this action. The statute providing for the incorporation of villages (chapter 291 of the Laws of 1870) provides a summary way of determining the regularity and validity of such proceedings. The remedy thus provided, I think, is exclusive. Additional force is given to the ordinary rule in such cases by section 2 of title 8 of the said law, which provides that certificates of the inspectors of election, or a certified copy of the same, with the seal of office of the county clerk, shall be final and conclusive proof of the incorporation of such village, and the regularity thereof, in all courts and places, and in all actions and proceedings, except in case of an appeal from the election, as provided for in such statute. I see no occasion for an opinion, inasmuch as the learned county judge has made a very careful review of the case, and the conclusion at which he arrives seems to me to be correct. The judgment of the county court should be affirmed, with costs. All concur.