### PEOPLE v. SNEDECKER et al.

(Supreme Court, Appellate Division, Third Department. May 10, 1898.)

1. APPEAL—REVIEW—VILLAGE ELECTION.
   The order of a county judge directing that a new election for the purpose of incorporating a village be held can be reviewed on appeal, but not in an action to restrain the officers chosen at such election from acting.

2. INCORPORATION OF VILLAGE—ELECTION.
   Laws 1870, c. 291, § 13, as amended by Laws 1878, c. 59, provides that where an election to incorporate a village has been set aside by the county judge, and another election ordered, it "shall be held on notice of such election signed by some one or more of the persons designated as inspectors of election for the previous election as to incorporation." *Held*, that the provision that the first election shall be called by at least 20 electors resident within the bounds of the proposed village does not apply to the calling of a second election after the first one has been set aside by order of the judge, and the authority for that election is the order of the judge and the statutory notice for that election.

3. SAME—CERTIFICATE OF INSPECTORS.
   Laws 1892, c. 194, tit. 8, § 2, provides that the certificate of the inspectors of an election at which the incorporating of a village was decided affirmatively, certified by the county clerk, and filed in his office, shall be final and conclusive proof of the incorporation of such village, and the regularity of an appeal from the election. *Held*, that the legislature had power to make such certificate conclusive as to the manner of calling the election and everything else except jurisdictional defects.

Appeal from special term, Ulster county.

Suit by the people of the state of New York against Johannes E. Snedecker and others to restrain them from acting as officers of the

alleged village of Pine Hill, and to adjudge the proceedings for the incorporation of that village void. From a judgment for defendants, plaintiff appeals. Affirmed.

It was sought to incorporate the village pursuant to the provisions of the general act for the incorporation of villages, known as "Chapter 291 of the Laws of 1870." Section 7 of said act provides that a notice of an election to determine whether the described territory shall be incorporated as a village "shall be signed by at least twenty of the electors resident within the bounds of said proposed village, who shall be liable to be assessed for the ordinary and extraordinary expenditures of said village." It is alleged here that the notice given in this case was not signed by 20 electors residing within the bounds of said village, who would be "liable to be assessed for the ordinary and extraordinary expenditures of said village, but, on the contrary, at least 10 of the signers of said notice were not electors resident within the bounds of said village, who were liable to be assessed for the ordinary and extraordinary expenditures of said village." It appeared that such notice was signed by 24 persons. The election was held pursuant to the notice subscribed by these persons, and thereafter the proceedings were reviewed by the county judge, pursuant to sections 11, 12, and 13 of such act. The county judge held such election to have been illegal, and directed a new election to be held. Such election was held without any new notice having been signed or given by 20 or more electors, as prescribed by section 7 of the act, but upon a notice of such election, which was signed by one or more of the persons designated as inspectors of election for the previous election, and who certified that a majority of the ballots cast at such election were cast in favor of incorporation; and it is by virtue of this second election, held pursuant to the order of the county judge, that it is claimed by the defendants that the village became legally incorporated. The appellant's claim is that the second election was illegal, because notice thereof was not given by the requisite number of resident electors with the qualifications prescribed by section 7, and that the county judge had no power or authority to order a new election, except it be initiated as prescribed by section 7. It will thus be seen that this appeal brings in question the authority of the county judge to order a new election, and generally the legality of the whole proceedings to incorporate, including the proceedings leading to both elections.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

T. E. Hancock, Atty. Gen. (C. L. Andrus, of counsel), for the People.

Brinnier & Newcomb, for respondents.

HERRICK, J. In so far as this action constitutes a review of the county judge's order in directing a new election to be held, I do not think it ought to be maintained. If his action in that respect was erroneous, it could be reviewed upon appeal. In re Village of Harrisville (Sup.) 21 N. Y. Supp. 62. And as a general rule, where there is a remedy by appeal, an action to accomplish the same purpose should not be sustained. There may be doubt as to whether the legality of the incorporation of villages can be determined by an action; but as these proceedings in the case of this village have been heretofore questioned, and there are evidently serious doubts entertained as to the legality of its incorporation, which may cause future litigation, it is perhaps better to determine the question sought to be raised now and here, rather than to decide this case upon a question which will leave the legality of the village's corporate existence an open question. The contention is that the second election should have been called or notice thereof

given by the same number of persons with the same qualifications as are specified in section 7 for calling the first election. This does not seem to be necessary under the statute. Where the county judge sets aside the first election, and orders a new one, the provision of the statute (section 13, as amended by chapter 59, Laws 1878) is that "the election so ordered shall be held on notice of such election signed by some one or more of the persons designated as inspectors of election for the previous election as to incorporation." Then follows what such notice shall contain, being, in substance, the same as is required to be in the notice, signed by the 20 or more resident electors, required by section 7. This notice, together with the order of the county judge, is the authority for the second election, and takes the place of the notice and signers required by section 7 for the first election.

The purpose of the statute is to have the question of incorporation brought before the people for their determination by some responsible authority. This is accomplished, in the first instance, by the request of 20 or more persons, who will be responsible to pay, in part at least, the expenses of the village, and, in the second instance, by the chief law officer of the county. Having been thus put to a vote of the people, the intention of the statute is that their action shall be final, for the statute provides—First, that "no appeal is allowed from such election," meaning the second one (section 15, as amended by chapter 59, Laws 1878, and chapter 194, Laws 1892); and, second, "the certificate of the inspectors of election presiding at the first or second election at which the question for the incorporating of the village was decided affirmatively, or a copy of the same, certified by the county clerk of the county in whose office it shall be filed and recorded, with his seal of office, shall be final and conclusive proof of the incorporation of such village, and the regularity thereof, in all courts and places, and in all actions and proceedings, except in case of an appeal from the election as hereinbefore provided" (section 2, tit. 8, same chapter). This section presents a double aspect—First, as evincing the intention of the legislature to confine the review of the legality of the proceedings to the tribunal named in the statute under which the proceedings are taken, as held in Gardner v. Christian, 70 Hun, 547, 24 N. Y. Supp. 339; and, second, that when the question of incorporation has been for a second time submitted to the people, and a majority have decided in favor of incorporation, such action of the people shall be final and conclusive, and not to be thereafter brought in question in any of the courts of this state. The legislature had power to make such certificate conclusive as to everything except jurisdictional defects (Ensign v. Barse, 107 N. Y. 329, 14 N. E. 400, and 15 N. E. 401; Joslyn v. Rockwell, 128 N. Y. 334, 28 N. E. 604; Van Deventer v. Long Island City, 139 N. Y. 133, 34 N. E. 774; Gilmore v. City of Utica, 131 N. Y. 26, 29 N. E. 84); that is to say, as to defects that the legislature could cure, because it could have originally authorized the proceedings to have been taken in that manner. None of the defects or omissions complained of here are defects that the legislature could not have cured. It could have

omitted these requirements from the statute, and have authorized the incorporation of villages in the manner in which this one has been; that is to say, without doing those things which it is alleged were not done in this case. It could have directed the original notice or request to be signed by 20 or more residents of the territory proposed to be incorporated, without requiring that they should be taxpayers. It might have directed that the question should be submitted merely upon the order of the county judge; or upon a notice signed by the supervisors and town clerk, as the notice of the second election was signed in this case. The essential thing is the approval in an orderly way, after notice to all, by the majority of the people to be affected; and the defects and irregularities complained of in this case not being jurisdictional, but such as the legislature could cure, the certificate of the inspectors is to be held conclusive, as the section I have quoted provides.

For these reasons, the judgment appealed from should be affirmed, with costs. All concur.