# Cases

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* JOHANNES E. SNEDEKER and Others, Respondents.

Vol. 30.
App. Div.
30    1
160a 350

*Municipal corporation — second election to determine whether a village shall be incorporated, ordered by the county judge after he has declared the first illegal — requisites thereof — certificate of the inspectors of the second election is conclusive — review of the order directing the second election.*

Where an election to determine whether certain territory should be incorporated as a village, purporting to be held under section 7 of title 1 of chapter 291 of the Laws of 1870, has been adjudged by the county judge to be illegal, and a new election has been ordered by him pursuant to section 13 of said title, as amended by chapter 59 of the Laws of 1878, the notice required by said section 13, together with the order of the county judge, takes the place of the notice and signers required by said section 7 for the first election.

The Legislature has power to make a certificate of the inspectors of the second election final and conclusive, except as to jurisdictional defects.

*Semble*, that the action of the county judge in ordering the second election is reviewable by appeal and not by action.

APPEAL by the plaintiff, The People of the State of New York, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Ulster on the 14th day of December, 1897, upon the decision of the court rendered after a trial at the Ulster Special Term dismissing the complaint.

This is an action brought to enjoin and restrain the defendants from acting as officers of the alleged village of Pine Hill, and for a judgment that the proceedings for the incorporation of such vil-

---

* The other cases of this term will be found in volume 29 App. Div.—[REP.

lage were void, and that, therefore, said village was never legally incorporated.

It was sought to incorporate the village pursuant to the provisions of the General Act for the Incorporation of Villages, known as chapter 291 of the Laws of 1870.

Section 7 of title 1 of said act provides that a notice of an election, to determine whether the described territory shall be incorporated as a village, shall "be signed by at least twenty of the electors resident within the bounds of said proposed village, who shall be liable to be assessed for the ordinary and extraordinary expenditures of such village."

It is alleged here that the notice given in this case was not signed by twenty electors residing within the bounds of said village, who would be "liable to be assessed for the ordinary and extraordinary expenditures of said village, but, on the contrary, at least ten of the signers of said notice were not electors resident within the bounds of said proposed village, who were liable to be assessed for the ordinary and extraordinary expenditures of said village." It appeared that such notice was signed by twenty-four persons.

The election was held pursuant to the notice subscribed by these persons, and thereafter the proceedings were reviewed by the county judge pursuant to sections 11, 12 and 13 of title 1 of such act; the county judge held such election to have been illegal and directed a new election to be held; such election was held without any new notice having been signed or given by twenty or more electors, as prescribed by section 7 of title 1 of the act; but upon a notice of such election, which was signed by one or more of the persons designated as inspectors of election for the previous election, and who certified that a majority of the ballots cast at such election were cast in favor of incorporation; and it is by virtue of this second election, held pursuant to the order of the county judge, that it is claimed by the defendants that the village became legally incorporated.

The appellant's claim is, that the second election was illegal because notice thereof was not given by the requisite number of resident electors with the qualifications prescribed by section 7 of title 1, and that the county judge had no power or authority to order a new election, except it be initiated as prescribed by section 7 of title 1.

It will thus be seen that this appeal brings in question the authority of the county judge to order a new election, and generally the legality of the whole proceedings to incorporate, including the proceedings leading to both elections.

*T. E. Hancock, Attorney-General,* and *C. L. Andrus,* for the appellant.

*Brinnier & Newcomb,* for the respondents.

HERRICK, J.:

In so far as this action constitutes a review of the county judge's order in directing a new election to be held I do not think it ought to be maintained. If his action in that respect was erroneous it could be reviewed upon appeal. (*Matter of Village of Harrisville,* 49 N. Y. St. Repr. 288.)

And as a general rule where there is a remedy by appeal an action to accomplish the same purpose should not be sustained.

There may be doubt as to whether the legality of the incorporation of villages can be determined by an action; but as these proceedings in the case of this village have been heretofore questioned, and there is evidently serious doubts entertained as to the legality of its incorporation which may cause future litigation, it is perhaps better to determine the question sought to be raised now and here, rather than to decide this case upon a question which will leave the legality of the village's corporate existence an open question.

The contention is that the second election should have been called or notice thereof given by the same number of persons with the same qualifications as are specified in section 7 of title 1 for calling the first election.

This does not seem to be necessary under the statute; where the county judge sets aside the first election and orders a new one the provision of the statute (§ 13 of title 1, as amended by chap. 59, Laws of 1878) is that " the election so ordered shall be held on notice of such election signed by some one or more of the persons designated as inspectors of election for the previous election as to incorporation." Then follows what such notice shall contain, being in substance the same as is required to be in the notice signed by the twenty or more resident electors required by section 7 of title 1.

This notice, together with the order of the county judge, is the

authority for the second election and takes the place of the notice and signers required by section 7 of title 1 for the first election.

The purpose of the statute is to have the question of incorporation brought before the People for their determination by some responsible authority; this is accomplished, in the first instance, by the request of twenty or more persons who will be responsible to pay, in part at least, the expenses of the village, and, in the second instance, by the chief law officer of the county.

Having been thus put to a vote of the People the intention of the statute is that their action shall be final, for the statute provides, *first*, that "no appeal is allowed from such election" (meaning the second one). (§ 15 of title 1, as amended by chap. 59, Laws of of 1878, and chap. 194, Laws of 1892.)

And, *second*, "The certificate of the inspectors of election presiding at the first or second election at which the question of incorporating the village was decided affirmatively, or a copy of the same, certified by the county clerk of the county in whose office it shall be filed and recorded, with his seal of office, shall be final and conclusive proof of the incorporation of such village, and the regularity thereof, in all courts and places, and in all actions and proceedings, except in case of an appeal from the election as hereinbefore provided." (§ 2, tit. 8, chap. 291, Laws of 1870.)

This section presents a double aspect: *First*, as evincing the intention of the Legislature to confine the review of the legality of the proceedings to the tribunal named in the statute under which the proceedings are taken, as held in *Gardner* v. *Christian* (70 Hun, 547), and, *second*, that when the question of incorporation has been, for a second time, submitted to the People and a majority have decided in favor of incorporation, that such action of the People shall be final and conclusive, and not to be thereafter brought in question in any of the courts of this State.

The Legislature had power to make such certificate conclusive as to everything except jurisdictional defects. (*Ensign* v. *Barse*, 107 N. Y. 329; *Joslyn* v. *Rockwell*, 128 id. 334; *Van Deventer* v. *L. I. City*, 139 id. 133; *Gilmore* v. *City of Utica*, 131 id. 26.)

That is to say, as to defects that the Legislature could cure, because it could have originally authorized the proceedings to have been taken in that manner.

None of the defects or omissions complained of here are defects that the Legislature could not have cured; it could have omitted these requirements from the statute, and have authorized the incorporation of villages in the manner in which this one has been incorporated, that is to say, without doing those things which it is alleged were not done in this case. It could have directed the original notice or request to be signed by twenty or more residents of the territory proposed to be incorporated without requiring that they should be taxpayers. It might have directed that the question should be submitted merely upon the order of the county judge, or upon a notice signed by the supervisors and town clerk, as the notice of the second election was signed in this case.

The essential thing is the approval in an orderly way, after notice to all, by the majority of the People to be affected, and the defects and irregularities complained of in this case, not being jurisdictional, but such as the Legislature could cure, the certificate of the inspectors is to be held conclusive, as the section I have quoted provides.

For these reasons the judgment appealed from should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.