IN THE MATTER OF THE APPLICATION OF JAMES W. LAMB TO HAVE CANCELED CERTAIN TAXES ON REAL ESTATE.

*Taxes — power of the legislature to ratify, without giving notice to the party assessed.*

In a proceeding, instituted under the provision of chapter 656 of 1886, relative to taxes in Long Island City, to have certain taxes canceled upon the ground that their invalidity appeared on the face of the proceedings by which they were levied, the defect alleged was that the assessors did not make or attach to the rolls the affidavit required by law.

*Held,* that while the failure to make and attach the affidavit prescribed by the statute invalidated the taxes as they were originally imposed, yet as section 15 of the same statute, under which these proceedings were instituted, provided that "all taxes, water rates or rents heretofore laid or levied prior to the year 1883, or intended so to be for city, ward, State and county purposes in said city, and now on record, with interest thereon allowed by law, are, in all respects, ratified and confirmed, and the same, and each and every thereof, are hereby levied and made a lien upon the several pieces of land and premises upon which the same were originally assessed or levied, or intended so to be, as a tax to be collected as hereinbefore provided," that this proceeding could not be maintained.

The petitioner contended that this act was unconstitutional and that the legislature could not relevy a tax without providing for notice thereof to the taxpayer.

*Held,* that this contention could not be sustained in this case as the assessors had the power to levy the taxes, and the lands of the petitioner were subject to taxation, and no error in the levy or apportionment of the taxes was averred.

That the legislature had power, by a subsequent enactment, to cure the defect in the proceedings, occasioned by the failure of the assessors to properly verify their determination, without providing for a notice to the taxpayer and for a hearing by him.

*Ensign* v. *Barse* (107 N. Y., 329) followed.

APPEAL by the defendants, Long Island City and Frederick W. Bleckwenn, as assessor, etc., from an order made at a Special Term held at White Plains, Westchester county, on December 1, 1888, which was entered in the office of the clerk of Queens county on December 3, 1888, directing the cancellation of certain taxes on real property.

*Hector M. Hitchings,* for the petitioner.

*W. J. Foster,* for Long Island City.

CULLEN, J. :

This is a proceeding under the provisions of chapter 656, Laws of 1886, relative to taxes in Long Island City, to have certain taxes canceled on the ground that their invalidity appears on the face of the proceedings by which they were levied. The proceedings of the assessors are not produced on the appeal, but the petition in this matter alleges the defect to be that the assessors did not make or attach to the rolls any affidavit required by law. This allegation is not denied, and for such defect the court, at Special Term, vacated the taxes.

The failure to make and attach the affidavit prescribed by the statute doubtless invalidated the taxes as they were originally imposed. But by the same statute of 1886, it is provided (§ 15) "All taxes, water rates or rents heretofore laid or levied prior to the year 1883, or intended so to be for city, ward, State and county purposes in said city, and now on record, with interest thereon allowed by law, are in all respects ratified and confirmed, and the same and each and every thereof are hereby levied and made a lien upon the several pieces of land and premises upon which the same were originally assessed or levied, or intended so to be, as a tax to be collected as hereinbefore provided." Assuming that this legislation related to defective or void taxes of the character of those in dispute, the respondent contends that it is unconstitutional, and that the legislature cannot relevy or validate a tax without providing for notice to the taxpayer and for a hearing. We are of opinion that this contention is not universally true, and that its soundness or unsoundness depends on the character of the defect for which the original tax was invalid. If there was no statute authorizing the imposition of the tax in the first instance; or if the statute purporting to confer authority was void for lack of provision for notice and hearing, or any other reason, the doctrine contended for would apply. Such, also, would be the case if the original apportionment of the tax had been erroneous and the tax void for that reason. For the taxpayer would be entitled to a correct division of the charge or burden, and that he may secure such, is the very necessity for a hearing. But the defect for which these taxes are assailed is of a different character. The assessors had the power to levy the tax ; the lands of the petitioner

were subject to taxation, and no error in the levy or apportionment of the tax is averred.

The assessors failed, therefore, so far as appears on the papers, not in their proceeding to determine the tax, but in not properly verifying their determination. It seems to us that the case of *Ensign* v. *Barse* (107 N. Y., 329) covers the case at bar. It was there held that the legislature could cure, by subsequent enactments, defects in the proceedings to levy taxes founded upon acts or omissions which the legislature might have originally dispensed with, and that such defects are not jurisdictional. The failure of the assessors to verify the tax-rolls, we think, was of this character. The respondent has not argued before us that the act of 1886 was not intended to cover cases like the present. Unless it was intended to so apply we do not see in what cases it would operate. We are of opinion, therefore, that the passage of that act validated the taxes here questioned, and that the petitioner was not entitled to have them canceled.

The order appealed from should be reversed and the petition denied, with ten dollars costs and disbursements.

Pratt, J., concurred.

Order reversed and petition denied, with ten dollars costs and disbursements.