THE PEOPLE ex rel. THE PRESIDENT, MANAGERS AND COMPANY
OF THE DELAWARE AND HUDSON CANAL COMPANY, Appellants,.
*v.* BENJAMIN B. PARKER et al., Assessors, etc., Respondents.

The function of the writ of *certiorari* is to review the judicial action of
inferior officers or tribunals; it assumes their existence and the fact of
judicial action.  It cannot, therefore, be resorted to where there is no
officer or tribunal, and, as a consequence, no official action to review.

The character of the writ has not been changed by the act of 1880
(Chap. 269, Laws of 1880), providing for a review and correction of
assessments by *certiorari* upon petition of a person "assessed"; it is simply
applied to a new purpose and modified so far only as is necessary to
accomplish the review desired.

While said act gives not only redress against an erroneous, but also an
illegal assessment, and in the latter case cancels and annuls the tax, it
still contemplates an assessment made by proper officers, and which,
although illegal in some respects, is not wholly and altogether void.

A *certiorari* will rarely issue where other sufficient and adequate remedy
exists.

Where, upon *certiorari* under said act, it was found that two persons who
alone made up and certified the roll were not assessors, either *de jure* or
*de facto*, *held*, that the writ was properly dismissed, as the assessment
being absolutely void could not thus be reviewed.

It also appeared that the two who thus assumed to act as assessors did so
without notice to the third assessor.  *Held*, that assuming the title of the
two to the office to be valid, their action was unlawful and vitiated the
whole assessment; that said act was not intended to and did not furnish
the remedy in such case.

(Argued October 8, 1889; decided October 22, 1889.)

APPEAL from judgment of the General Term of the Supreme
Court in the third judicial department, entered upon an order
made February 7, 1889, which affirmed a judgment of Special
Term dismissing a writ of *certiorari* issued under the act
(Chap. 269, Laws of 1880) to review an alleged assessment
made in the town of Highland, Sullivan county, upon the
property of the relator for the year 1886.

The facts, so far as material, are stated in the opinion.

*Peter Cantine* for appellant.  The learned General Term
made an error when it assumed the proceedings under review

was, in effect, converted into a proceeding in the nature of a *quo warranto.* (1 R. S. [7th ed.] 808, 812, 813, 816, 817, 828, 844, 848, §§ 1–12 ; Laws of 1854, chap. 53, p. 127, §§ 1, 2 ; *People* v. *Adams,* 9 Wend. 833 ; *Demarest* v. *Wickham,* 67 Barb. 312 ; 63 N. Y. 320 ; *People ex rel.* v. *Terry,* 42 Hun, 273 ; *People ex rel.* v. *Cook,* 14 Barb. 259 ; 8 N. Y. 67 ; *People* v. *Albertson,* 8 How. Pr. 363 ; *Boardman* v. *Holliday,* 11 Paige, 232 ; *R. & G. V. R. R. Co.* v. *C. N. Bk.,* 60 Barb. 248 ; *Cronin* v. *Grundy,* 16 Hun, 520 ; *Olmstead* v. *Dennis,* 77 N. Y. 378.) This action of Parker cannot be sustained in this proceeding unless he was a *de jure* officer. His return to the writ is made to justify his actions. (*People* v. *Hopson,* 1 Denio, 579, 580 ; *Greene* v. *Burke,* 23 Wend. 503, 504 ; 1 R. S. [7th ed.] 115, §§ 1, 2 ; *People* v. *White,* 24 Wend. 526 ; *People ex rel.* v. *Van Nostrand,* 46 N. Y. 384–389.) The statute must be strictly construed for protection of citizens. (*Doughty* v. *Hope,* 3 Denio, 594, 599, 600 ; 1 N. Y. 79 ; *People* v. *Suprs.,* 11 id. 571 ; *Westfall* v. *Preston,* 49 id. 353, 355 ; *Bellinger* v. *Gray,* 51 id. 610, 611, 620 ; *People* v. *Suffern,* 68 id. 321, 326, 328 ; *Nat. Bk.* v. *City of Elmira,* 53 id. 59 ; *Brevoort* v. *City of Brooklyn,* 89 id. 128, 132 ; *Merritt* v. *Vil. of Port Chester,* 71 id. 309 ; *Inman* v. *Cole,* 37 Hun, 170, 172 ; *Hinckley* v. *Cooper,* 22 id. 253 ; *Beach* v. *Hayes,* 58 How. Pr. 17 ; *Overay* v. *Foot,* 65 N. Y. 263 ; 96 id. 544 ; *In re Merriam,* 84 id. 608, 609 ; *Lee* v. *Perry,* 4 Denio, 125 ; *Perry* v. *Tyren,* 22 Barb. 137 ; *Matter of Anderson,* 60 N. Y. 457 ; *Lamoreaux* v. *O'Rourk,* 3 Abb. Ct. App. Dec. 15 ; *Wheeler* v. *Miller,* 40 Barb. 644 ; *Waters* v. *City of Lapeer,* 4 Mich. 624.)

*John F. Anderson* for respondent. The office of the writ of *certiorari* directed to assessors is to bring up for review their determination. (*People ex rel.* v. *Zoll,* 97 N. Y. 203 ; *People ex rel.* v. *Kaetor,* 101 id. 611,) The title to office of the tribunal cannot be inquired into in such proceedings. (*People ex rel.* v. *Walter,* 68 N. Y. 403 ; *Stone* v. *Mayor, etc.,* 25 Wend. 157 ; *People ex rel.* v. *Mayor, etc.,* 2 Hill, 9 ;

*Ex parte Mayor, etc.*, 23 Wend. 277; *People ex rel.* v. *Covert,* 1 Hill, 674.) Acts done by officers *de facto* are good and valid as regards the public and third persons who have an interest in their acts, and their title to the office cannot be inquired into in a collateral proceeding. (*People* v. *Cook,* 8 N. Y. 57; *People* v. *Clerk,* 68 id. 403, 408; *City of Buffalo* v. *Tabie,* 15 Hun, 204; *People ex rel.* v. *Covert,* 1 Hill, 674.) Two of the assessors may act, and their acts are as valid as if done by all. (R. S. [7th ed.] 993, § 30; *Colwan* v. *Shattuck,* 62 N. Y. 348, 360; *Johnson* v. *Dodd,* 56 id. 76.) The relator had another remedy provided by the same act, which provides the review, and that remedy is exclusive. (Laws of 1851, chap. 176, §§ 4, 5; R. S. [7th ed.] 993; *In re Hermance,* 71 N. Y. 487.) A party assailing an assessment under chapter 261 of the Laws of 1880, must make it appear, conclusively, either that the assessment was illegal, specifying the grounds of the alleged illegality, or erroneous by reason of over-valuation or unequal as compared with the other assessed property on the roll, and that he is, or will be, injured by reason of such illegal, erroneous or unequal assessment. (*People ex rel.* v. *Davenport,* 91 N. Y. 574; *People ex rel.* v. *Carter,* 109 id. 576, 581.)

Finch, J. The relator complains of the judgment of the General Term which dismissed its writ of *certiorari* issued under the act of 1880. The illegality which was asserted as sufficient to invalidate and annul the assessment upon its corporate property was founded upon an inquiry into the title of assessors to their office, and a denial of their right to act as such at all. The trial court found that the two who alone made up and certified the roll were not, in truth, assessors either *de jure* or *de facto.* Assuming that to be true, the appellate court, nevertheless, held that the wrong could not be redressed in the proceeding adopted, and we agree with that conclusion.

The function of the writ of *certiorari* is to review the judicial action of inferior officers or tribunals. It assumes their existence and the fact of official action, but draws in

question the legality or correctness of that action. It is wholly unsuited to a case in which there is no officer and no tribunal, and where as a consequence there could not have been any judicial action or anything to review. In *People ex rel.* v. *Covert* (1 Hill, 674), that doctrine was settled in an opinion unusually brief and curt, but which touched the precise difficulty. It is said of that case and of others like it that they dealt only with a common law *certiorari;* that it was competent for the legislature to extend the range of the writ and broaden its application; and that such was the operation of the act of 1880. But a correct view of that enactment will not justify such a construction. The statute allows the writ to be issued upon the petition of a person "assessed" and who is aggrieved by that assessment and desires to review it. There must be an allegation that the assessment is illegal or erroneous. When the writ is granted it will not stay the proceedings of the assessors, and if thereby the relief of a judgment is not reached before the collection of the tax, the remedy provided is a reimbursement in the next year. The writ is to run to the assessors who are to return the assessment-roll or copies thereof, and their official proceedings. In all this we observe that an old writ, whose function and character was well settled and understood, was applied to a new purpose, and moulded so far and only so far as was necessary to accomplish the review desired. But it remained a writ of review; it assumed the existence of the officers whose judicial action it sought to examine, and was not changed into a plow to root up a trespass. In its application to the present case it usurped the functions of a writ of *quo warranto.* It challenged the titles of the two assessors. It pronounced them intruders and usurpers and denied their official character and rights. When we remember that the writ of *quo warranto* has been abolished and an action substituted; that such action is at law and entitles the officer to a trial by jury; and that under the Code his title can only be challenged in that manner, we shall see that a writ of *certi-*

SICKELS — VOL. LXXII.    12

*orari* can of necessity perform no such office. It is quite true that the act of 1880 gives the redress against not only an erroneous but also an illegal assessment, and in the latter case cancels and annuls the tax. But it contemplates an assessment made by proper officers, and which, although illegal in some respects, is not wholly and altogether void. For, in the latter event, there is abundant remedy open to the taxpayer, and a *certiorari* will rarely issue where other sufficient and adequate remedy exists. (*People* v. *Suprs. of Queens County*, 1 Hill, 198.) The act of 1880 was intended to furnish a remedy where none before existed, and to reach error and illegality for which there was no adequate redress. As this case stood at Special Term the relator was in no danger and exposed to no risk. The collector would levy at his peril, for his warrant was void on its face. This court has held that the collector's authority consists of the assessment-roll and the formal warrant annexed, and these must be read together in determining the officer's power and protection. (*Van Rensselaer* v. *Witbeck*, 7 N. Y. 517.) If, then, no assessors and so no assessment-roll existed, the warrant would be void on its face, and confers no authority whatever. The collector could be sued if he levied, and the usurpers who directed him be held responsible, for the Special Term decided that the two men who signed the roll were not even assessors *de facto*. If they were such, the ground of the judgment would disappear; and if they were not, the remedy was elsewhere.

Another suggestion, however, was made on behalf of the relator. Assuming that the titles of the two assessors could not be assailed in this proceeding, and so that we are bound to regard them as lawful officers, it was yet found that they acted illegally in fixing the assessed values without notice to Bogart, who was the third assessor. Such action by the majority is unlawful and vitiates the whole assessment. (*Doughty* v. *Hope*, 3 Denio, 249; *People ex. rel* v. *Supervisors of Chenango Co.*, 11 N.Y. 563.) But we are of opinion that the act of 1880 was not intended to and does not furnish the remedy where the complaint is not of some error or illegality in one or more

assessments, and the judicial action which evolved them, but asserts that there were never any valid assessments at all, and that the whole roll is utterly void; for, in such case, there is no judicial action to be reviewed and corrected, but an unauthorized wrong and trespass. There never was any defect of remedies in such a case which made necessary a new enactment; and all the provisions of the act of 1880 seem to contemplate both assessors and an assessment-roll, by whom or in which illegal steps may have been taken, or errors may exist for the correction of which a *certiorari* should be awarded. Only in that manner could judicial action, which was illegal or erroneous be reviewed. The act provides for striking an unlawful tax from the roll, but not the amendment and destruction of the roll itself. If that be wholly and absolutely void, it can confer no authority and give no protection, and the remedies of the taxpayer against the offenders are ample and have long existed.

The General Term were, therefore, right in their reversal, and the judgment should be affirmed, with costs.

All concur, except Peckham, J., not sitting.

Judgment affirmed.