Jacob H. Van Deventer, Appellant, *v.* Long Island City et al., Respondents.

Where property which the legislature might originally have exempted from taxation has been omitted from an assessment, it has power to ratify and confirm the tax as imposed.

The provision of the act of 1886 in relation to unpaid taxes, etc., in Long Island City (§ 10, chap. 656, Laws of 1886), which provides that any action or proceeding to test the validity of a tax in that city shall be commenced within one year from the time of the delivery of the assessment roll to the city treasurer, has no retroactive effect, so as to defeat an action to have a tax assessed in a prior year canceled and adjudged invalid, as illegally imposed.

The act of 1880 (Chap. 269, Laws of 1880), providing for the review and correction by certiorari of illegal or erroneous assessments, is not applicable to a case where the whole assessment roll is claimed to be illegal and void; it applies only where there is a valid assessment roll in which some person has been illegally assessed, or where the assessment is excessive and unjust.

Assessors in making assessments for the imposition of taxes for governmental purposes act judicially, and if, by mistake or design, they omit any property liable to taxation from the assessment roll, the entire assessment is not thereby rendered invalid, and a person whose property has been assessed and taxed cannot, because of such omission, maintain an action to have his tax adjudged invalid.

The distinction, in this respect, between taxation for governmental purposes and assessments for local improvements, pointed out.

(Argued June 19, 1893; decided October 3, 1893.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 14, 1891, which affirmed a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George F. Danforth* for appellant. The action of the assessors was invalid because they did not apply the principle or proceed in the manner prescribed by statute, in relation to the assessment and collection of taxes. (1 R. S. chap. 13, § 1; *Tompkins* v. *Lee,* 59 N. Y. 662; *Schwinger* v. *Raymond,* 83

id. 200; *Conselyea* v. *Blanchard,* 103 id. 231; *Redfield* v.
*Redfield,* 110 id. 671; *Kelly* v. *Leggett,* 122 id. 633; *Traders'*
*Bank* v. *Parker,* 130 id. 415; *Wahl* v. *Barnum,* 116 id. 98;
*Hassan* v. *City of Rochester,* 67 id. 528; *In re N. Y. P.*
*E. School,* 75 id. 324, 329; *Elwood* v. *City of Rochester,* 122
id. 229.) The action is maintainable. (*Ward* v. *Dewey,* 16
N. Y. 519; *Hatch* v. *City of Buffalo,* 48 id. 276.) The true
construction of the statutes introduced by the defendant and
accepted by the court below does not support the conclusion
at which that court arrived. (*People* v. *Mayor, etc.,* 4 N. Y.
419; *In re McPherson,* 104 id. 316; *People* v. *Ins. Co.,* 92
id. 347; *Spencer* v. *Merchant,* 100 id. 585; *Cromwell* v.
*McLean,* 123 id. 474; *Elwood* v. *City of Rochester,* 122 id.
229; 65 id. 516; *Stuart* v. *Palmer,* 74 id. 188; *Rogers* v.
*Decker,* 131 id. 493; *Stebbins* v. *Kay,* 123 id. 31.) The
action was commenced in time. (Laws of 1882, chap. 383, § 11;
Laws of 1886, chap. 656, § 10; *In re Trustees of Union*
*College,* 129 N. Y. 308.)

*George W. Stephens* for respondents. The findings of the
court on appellant's requests form no part of the judgment
roll, and, no case having been made, cannot be considered
on this appeal. (Code Civ. Pro. §§ 997, 1237, 1353; *Fox*
v. *McComb,* 44 N. Y. S. R. 178; *MacNaughton* v. *Osgood,*
114 N. Y. 574; *Schwab* v. *Webber,* 103 id. 658.) The plain-
tiff was not taxed more than his fair proportion. (Laws
of 1847, chap. 133, § 10; Laws of 1879, chap. 310.) The
omission of property subject to taxation from the assess-
ment rolls cannot, under any circumstances, invalidate the
taxes levied on other property which is assessed. (Laws
of 1865, chap. 453; *People* v. *Bd. of Assessors,* 92 N. Y.
430; *People ex rel.* v. *Lawrence,* 41 id. 137.) As to the taxes
for 1880 and all subsequent years, the plaintiff's remedy for
the alleged illegality in the assessment of his property was
under chapter 269 of the Laws of 1880. (*D. & H. C. Co.* v.
*Atkins,* 121 N. Y. 246.) As to taxes for all years prior to
1882, they have been ratified and confirmed by subsequent

acts of the legislature.  (Laws of 1882, chap. 383, § 1 ; Laws of 1886, chap. 656, § 15 ; *In re Lamb*, 121 N. Y. 703 ; *Ensign* v. *Barse*, 107 id. 329 ; *Spencer* v. *Merchant*, 100 id. 585 ; 125 U. S. 345 ; *Mills* v. *Carleton*, 29 Wis. 400 ; *Chattanooga* v. *N., C. & St. L. R. R. Co.*, 7 La. 561 ; *C., etc., R. Co.* v. *Guenther*, 19 Fed. Rep. 395 ; Cooley on Taxn. 212 ; *Lang* v. *Kiendi*, 27 Hun, 66 ; *City of Chester* v. *Block*, 6 Law. Rep. Ann. 802 ; *Stebbins* v. *Kay*, 51 Hun, 589 ; *Vandeventer* v. *Long Island City*, 10 N. Y. Supp. 801 ; *Cromwell* v. *McLean*, 123 N. Y. 474.)   This action cannot be maintained upon the ground that the property was assessed as resident land when the plaintiff was a non-resident.  (Laws of 1880, chap. 339 ; *Haight* v. *Mayor, etc.*, 99 N. Y. 280 ; *Collins* v. *Long Island City*, 132 id. 321.)

Earl, J.   This is an equitable action to have certain city, county and state taxes laid upon plaintiff's real estate in Long Island City in the years 1877 to and including the year 1886 and various sales thereunder declared void and canceled, on the ground that the taxes were illegally imposed. The grounds of the illegality are that a large quantity of real estate was intentionally omitted from the assessment rolls in each of such years, and that in the years 1882 and 1883 the assessors resolved that no personal property within the city should be assessed, and in pursuance of such resolution no person resident within the city was assessed in either of the two years on account of any personal property.  The real estate omitted from the assessment rolls was located within streets and parks laid down upon the official map of the city, which had not in fact been opened and which remained in the ownership and possession of the individual owners thereof.

The real estate omitted from assessment was probably liable to taxation, and none of it was exempt until 1889, when, by chapter 548 of the Laws of that year, amending the charter of the city, it was provided that " No taxes shall, after the passage of this act, be levied, assessed or collected upon any unimproved land included within the lines of streets, avenues

and roads shown and laid out upon the official city map."
While it was found by the trial judge that the assessors inten-
tionally and purposely omitted to assess the real estate, it was
not found that they made the omission knowing that the real
estate was liable to assessment and taxation. It is a legitimate
inference from the facts found that the assessment was omitted
by the assessors in the exercise of their judgment under the
belief that real estate thus situated was not liable to taxation.

There is no question that the plaintiff's real estate was
liable to assessment; that the assessors had jurisdiction to
assess it; that they acted within their jurisdiction; that
they observed all the forms of law, and that the assessment
rolls were proper in form. Was the entire assessment in each
of the years mentioned absolutely illegal and void so that any
person assessed can assail it and thus defeat the collection of
the tax imposed upon him or his property because some real
estate liable to taxation was omitted from the assessment roll?
If we were obliged to answer this question in the affirmative
a Pandora box of litigation would be opened and scarcely any
taxation for governmental purposes could be upheld. Fortu-
nately, upon principle and authority, the question can be
answered in the negative.

Most of the taxes complained of have been confirmed by
subsequent legislation. (Laws of 1882, chap. 383, § 1; Laws
of 1886, chap. 656, § 15.) There can be no doubt about the
validity of these acts. Acts of the same purport and effect
have frequently received the sanction of the courts. (*Spencer*
v. *Merchant*, 100 N. Y. 585; *S. C.*, 125 U. S. 345; *Franklyn*
v *Long Island City*, 32 Hun, 451; *S. C.*, 102 N. Y. 692;
*Ensign* v. *Barse*, 107 id. 329; *In the Matter of Lamb*, 51
Hun, 633; *S. C.*, 121 N. Y. 703; *Cromwell* v. *MacLean*, 123
id. 474.) The legislature could have originally exempted the
land omitted from these assessment rolls from taxation, and
could thus have cast the whole burden of taxation in the city
upon the other property, and what it could originally have
done it can do by ratification and confirmation subsequently.

These acts relate only to the taxes prior to 1883, and do not

touch the taxes for the years 1883, 1884, 1885 and 1886, and the validity of the taxes for those years must stand upon other considerations.

The trial judge based his decision against the plaintiff upon the two acts above mentioned, and also upon the act chapter 656 of the Laws of 1886, section 10 of which provides that "any action or proceeding by any person or corporation to test the validity or regularity of any tax levied, or assessment or water rates, or rents made, shall be commenced within one year from the time of delivery of the roll in which said tax or assessment, or water rates or rents are claimed, to the" village treasurer.   That act may defeat this action as to the taxes of 1886, as the assessment rolls for that year may have been delivered to the treasurer before the passage of that act; but it can have no retroactive operation so as to defeat the action as to the prior years.   (*Matter of Trustees of Union College*, 129 N. Y. 308.)

The learned counsel for the defendants contends that the only remedy of the plaintiff for relief against the taxes complained of was by certiorari, under the act chapter 269 of the Laws of 1880.   But that act is not applicable to a case where the whole assessment roll is claimed to be illegal and void.   It applies only to cases where there is a valid assessment roll in which some person has for some reason been illegally assessed, or where the assessment is excessive or unjust.   (*People ex rel., etc.*, v. *Parker*, 117 N. Y. 86.)

But we think there are fundamental reasons for defeating this action which have not yet received attention.   The assessors in making the assessments acted judicially, and if they omitted any property from the assessment rolls, either by mistake or design, the entire assessments are not thereby rendered invalid.   An assessment roll is in the nature of a judgment, and it was never heard that a judgment rendered by an officer exercising judicial functions was void because by mistake or design he had made it too large or too small, in a case where he had jurisdiction, and acted within his jurisdiction.

That no action could be maintained against the assessors who made the assessments cannot be doubted, and this is so whether they omitted the property by mistake or design. They have the immunity of judicial officers. ( *Weaver* v. *Devendorf*, 3 Denio, 117.) The only complaint the plaintiff can have is that he was taxed too much, because other property was omitted from the rolls, and that is a complaint which can nearly if not always be made in the case of all taxation for governmental purposes. It is doubtful if a village, town or city assessment roll is ever made from which some property is not omitted. If an assessment is void because some property is omitted, would it not also be void in those numerous cases where assessors agree to assess property at one-half, or some other fractional part of its value? It is quite apparent that if the plaintiff's contention is well founded very few assessments could stand assaults, and that the collection of revenues for governmental purposes would be very uncertain, and that interminable litigation would attend its collection. The case of *Dillingham* v. *Snow* (5 Mass. 547), is a very precise authority for the defendants in this case. There certain real estate was purposely omitted from the assessment roll by the assessors, and a taxpayer contended that the assessment was thereby rendered illegal and void; and the court held against that contention, expressing views quite pertinent to this case.

Our assessment laws contemplate that assessors may, by mistake or design, omit property from the assessment roll, as provision is made for entering such property in the assessment roll for the subsequent year.

The question may be asked, what is the remedy of the taxpayer whose taxes are too high because some property has been omitted from the assessment roll? Where the omission is intentional he may prosecute the assessors criminally for taking a false oath to the assessment roll. His remedies may be very inadequate. But he is in the position of every citizen aggrieved by official or governmental action. He must appeal to public opinion and to the ballot, and use his efforts to procure the election of better or more competent assessors. The

mischiefs from unjust and unequal taxation are numerous and most of them are without any adequate remedy.

The learned counsel for the plaintiff cites as authorities for the maintenance of this action, the cases of *Hasson* v. *City of Rochester* (67 N. Y. 528); *Matter of New York Prot. Episcopal School* (75 id. 324); *Ellwood* v. *City of Rochester* (122 id. 229). These cases hold that where the law requires the expense of a local improvement to be assessed upon property within prescribed limits to be benefited thereby, in proportion to the benefits, the assessment is void if any of the property be omitted from the assessment. No public mischief can come from the establishment of such a rule. The property to be assessed generally consists of a few pieces of land within known limits, which are easily ascertainable. Mistakes must be quite rare, and when made are easily remedied, and can usually produce no great embarrassment.

Assessments for local improvements and taxation for governmental purposes are in their nature essentially different, and the same rules of law may not be applicable to both. Local improvements for which assessments are made are not supposed to be beneficial to the general public. They are usually beneficial wholly, or mostly, to the locality in which they are made, and they are to be paid by the property specially benefited. The law gives the precise authority under which the improvements are to be made, and that authority must be quite literally followed in all matters of substance. In making the improvements the public authorities, to a certain extent, and in a substantial sense, act as the agents of the property owners. (Dillon's Municipal Corporations [4th ed.], § 810; *Lake* v. *Trustees of Williamsburgh*, 4 Denio, 520.) The statute is the limit of their authority and the measure of their agency for the lot owners, their principals, and it must be strictly pursued.

Under the authorities cited above, if a single lot be omitted from assessment through ignorance or mistake, the mere fact of the omission renders the assessment illegal and void. Can such a rule be applied to such assessments as are here involved?

Could a rule be tolerated that would render every such assessment invalid, if a single piece of real estate, or if any chose in action or any chattel were omitted from assessment through the ignorance of the assessors, or by imposition upon them, or even by design ?

We need not pursue this line of argument further. These assessments were not invalid, and, therefore, this action cannot be maintained.

The judgment must be affirmed, with costs.

All concur. ·

Judgment affirmed.