(91 App. Div. 172.)

PEOPLE ex rel. LITTMAN v. WELLS et al., Tax Com'rs.

(Supreme Court, Appellate Division, First Department. February 5, 1904.)

1. TAXATION—ASSESSMENTS—REVIEW—CERTIORARI.

General Tax Law, Laws 1896, p. 882, c. 908, § 250, requires that, as a condition to the right of a taxpayer to maintain certiorari to review an assessment, he must show that an application has been made to the board of tax commissioners for the "correction" of the assessment. *Held*, that

such section related only to cases where it was claimed that the entire assessment was erroneous, and did not require such application where relator claimed that the assessment was erroneous only to the extent that it was increased without notice after the annual assessment records had been open for inspection, etc.

2. SAME—GREATER NEW YORK CHARTER—NOTICE.

Under Greater New York Charter, Laws 1897, p. 320, c. 378, § 896, providing that the board of taxes and assessments may increase at any time before the 1st day of April in each year the assessed valuation of any real estate necessary for the equalization of taxes, but shall not increase such valuation after the books are open for correction and review except on notice, an increase of an assessment of relator's property after the books had been opened for inspection and closed without notice to him was void.

Appeal from Special Term, New York County.

Certiorari by the people, on the relation of Morris Littman, against James L. Wells and others, as commissioners of taxes and assessments of the city of New York. From an order denying respondents' motion to quash the writ, they appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

James M. Ward, for appellants.
Arthur Neville, for respondent.

LAUGHLIN, J. The object of this proceeding is the cancellation of an increase in the assessed valuation of four parcels of land owned by the relator upon the ground that to the extent of such increase the assessment is illegal and void. The premises were duly appraised for taxation and reported to the board of tax commissioners by a deputy tax commissioner within the time prescribed by section 889 of the Greater New York Charter (Laws 1897, p. 317, c. 378), and thereafter the board caused the assessments, as thus reported, to be entered in the annual record pursuant to the provisions of section 892, p. 317, of the charter. Public notice was then given that the annual records had been prepared and would be open for inspection and correction from the second Monday of January until the 1st day of April, 1903. Subsequently, and during the month of January, the petitioner examined the annual record, and ascertained therefrom the assessed valuation of his respective parcels. At this time the annual record showed the assessed valuation of three parcels to be $20,000 each, and of the other $75,000, as the same had been valued and reported by the deputy tax commissioner. The petitioner made no complaint or application to the board concerning these assessed valuations. He shows that after the 31st day of March, 1903, without notice to him, the commissioners erased these valuations, and in the next blank column in the record, headed "Corrected Amount," inserted opposite the parcels originally assessed at $20,000 each valuations of $35,000, $40,000, and $45,000, respectively, and opposite the parcel originally assessed at $75,000 a valuation of $100,000, and that he was not aware of such increase until after the 1st day of May.

The appellants contend that the motion to quash the writ should have been granted, because the petitioner does not show that he made

application to the board for the relief which he now seeks at the hands of the court. We deem this contention groundless. The relator does not ask that the entire assessed valuation be stricken from the roll as illegal. His complaint only relates to the increase of valuation. He concedes the validity of the original assessment, and does not ask that it be disturbed. He merely desires that the increase in valuation be canceled, or, in other words, that the assessed valuation as thus increased be reduced to the original valuations, upon the ground that to the extent of the increase the valuation is illegal and void for want of jurisdiction on the part of the board of tax commissioners to make the same. He does not challenge the jurisdiction of the board generally, or challenge their right to act in the premises; and, if he did, perhaps he would not have a remedy by certiorari. People ex rel. D. & H. Canal Co. v. Parker, 117 N. Y. 86, 22 N. E. 752; Van Deventer v. Long Island City, 139 N. Y. 133, 34 N. E. 774; U. S. Trust Co. v. Mayor, 144 N. Y. 493, 39 N. E. 383. The assessments appear to be regular and valid. It is true that the roll shows that they were increased, but the commissioners are authorized by the charter to increase assessed valuations upon giving the taxpayer notice and an opportunity to be heard as required by the statute. His complaint is that this was not done, and that, therefore, to the extent of the increase, the assessment is illegal. He had no notice of the increase, and therefore he could not apply within the statutory time to have the increase canceled. Nor was such an application a condition precedent to his right to institute this proceeding. The charter, I believe, now contains no express provision requiring an application to the commissioners as a condition precedent to the remedy by certiorari (section 906, p. 324); but the courts proceed on the assumption that section 250 of the general tax law (Laws 1896, p. 882, c. 908) is applicable to certiorari proceedings instituted to correct erroneous taxes levied in the city of New York. That section, however, only requires that the petitioner should show that an application has been made for the correction of an assessment. This evidently relates to cases where the claim is that the assessment is erroneous. Both the general tax law and the charter recognize a distinction between erroneous and illegal assessments, and provide a remedy by certiorari in either case. General Tax Law, p. 883, § 253; Greater New York Charter, p. 324, § 906. A tax is deemed erroneous when it has been assessed at an overvaluation, or, if the subject be real estate, when the assessment, though it may not be for the full market value of the property, is unequal, in that it has been assessed at a higher proportionate value than other property upon the same roll. These are cases where an application to the assessing officers is a condition precedent to the right to a review by certiorari. The reason for the application in these cases is manifest. If it be claimed that the property has been assessed at more than its fair market value, the assessors may correct it by reducing it to its true market value; and if it be claimed that real property has been assessed at a higher proportionate valuation than other property in the vicinity upon the same, the assessors may likewise reduce it without necessitating any application to the court. Where, however, the

assessing officers have without right increased the assessed valuation it is not a case for correction. The tax is not deemed erroneous, but to the extent of the increase it is absolutely illegal and void, and the court may cancel the illegal excess in a certiorari proceeding. Greater New York Charter, p. 324, § 906; People ex rel. Powder Co. v. Feitner, 41 App. Div. 544, 58 N. Y. Supp. 648; People ex rel. N. Y. & H. R. R. Co. v. Tax Board, 55 App. Div. 544–546, 67 N. Y. Supp. 241.

The remaining question is whether the act of the board of tax commissioners in increasing the assessed valuation was illegal. Notice and an opportunity to be heard are essential to the validity of any tax or assessment (Stuart v. Palmer, 74 N. Y. 188, 30 Am. Rep. 289; People ex rel. Scott v. Pitt, 169 N. Y. 521, 62 N. E. 662, 58 L. R. A. 372), and like notice and a hearing are essential to the validity of any increase thereof (People v. Forrest, 96 N. Y. 544). The only authority for increasing assessed valuations in the city of New York is contained in section 896, p. 320, of the Greater New York Charter, which provides that:

"The board of taxes and assessments may increase at any time before the first day of April in each year * * * the assessed valuation of any real or personal estate of any individual or corporation as in its judgment may be just or necessary for the equalization of taxation, but it shall not increase such valuation of the property of any individual or corporation after said books are open for correction and review, except upon notice given to the individual or corporation affected by such increase, at least ten days before the fifteenth day of April in each year."

These provisions gave the board no authority to increase the assessed valuations after the annual record was open for assessment and review, without notice to the petitioner. Moreover, the board has no authority to increase the assessed valuations after the 31st day of March, when the books are closed, although the statute evidently contemplates that the hearing on an increase may be had later; but with the true construction or validity of the statute in regard to a subsequent hearing we are not now concerned.

It follows that the order should be affirmed, with $10 costs and disbursements. All concur.