(119 App. Div. 790)

PEOPLE ex rel. FRIENDLY v. DAVENPORT et al., City Assessors.

(Supreme Court, Appellate Division, Third Department. May 8, 1907.)

TAXATION—ASSESSMENT—REVIEW—CERTIORARI.

 Laws 1896, p. 882, c. 908, § 250, provides that any person assessed, claiming to be aggrieved, may present a verified petition specifying the grounds of any alleged illegality, or, if erroneous by reason of overvaluation, stating the extent thereof, or, if unequal, specifying the instances in which the inequality exists and the extent thereof, and stating that he is injured thereby. *Held*, that a person whose name appeared upon an assessment roll apparently made pursuant to statute was entitled to a writ of certiorari to review the assessment for any reason that may make it void, though the whole roll may have been invalid on account of matters not appearing on its face.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, § 895.]

Appeal from Special Term, Chemung County.

Certiorari by the people of the state of New York, on relation of Sampson J. Friendly, against Daniel R. Davenport and others, as assessors of the city of Elmira. From an order denying their motion to quash the writ of certiorari, or to amend the same, defendants appeal. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Reynolds, Stanchfield & Collin (Frederick Collin, of counsel), for appellants.

D. C. Robinson and A. C. Ustis, for respondent.

JOHN M. KELLOGG, J. The motion to dismiss is based upon the contention that the petition shows that all the assessments upon the roll are illegal, for the reason that the assessors did not give the proper notices, did not complete the roll within the time, and for other reasons, and also that it appears that the relator was added to the roll after the assessors had ceased to have the power to make additions to the roll. It may, however, fairly be assumed from the papers that a person examining the assessment roll would not discover that the relator's name was added to it after the roll was completed, nor any other fact tending to show that the roll is invalid. It may fairly be assumed, therefore, that the assessors undertook to make an assessment roll pursuant to the statute, and probably did make such roll, but in some respects, as a matter of fact appearing outside of the roll itself, disregarded their duties and acted without authority. "The proceedings of the taxing officers in imposing a tax are judicial in their nature (Mercantile Nat. Bank v. Mayor, etc., of New York, 172 N. Y. 35, 41, 64 N. E. 756), and to assimilate the result to a judgment, with respect to objections based upon want of jurisdiction, or upon a lack of regularity in the official proceedings, is logical. The one is as final a determination in its nature as is the other, however differing, of course, in the judicial character of the tribunals and of their procedure. The act of 1880 (chapter 269, p. 402, Laws of 1880) authorized the issuance of a writ of certiorari to review assessments which might be illegal, erroneous, or unjust, and we have

held that that act became the only authority for such a review.  Mercantile National Bank v. Mayor, etc., of New York, supra."    City of New York v. Matthews, 180 N. Y. 41, 46, 72 N. E. 629.  It is held that the writ of certiorari to review an assessment is now a legal right, and not a matter of discretion.   "It was designed to afford a remedy where none before existed, or where the previous remedy was, at the best, inadequate;  and if the taxpayer brings his case within the statute, the granting of the writ is not discretionary, but he is entitled to it as a matter of right."    Matter of Corwin, 135 N. Y. 245, 249, 32 N. E. 16;  Mercantile National Bank v. Mayor, etc., of New York, supra.

Sections 250 to 255 of the tax law (Laws 1896, pp. 882, 884, c. 908) are practically reinactments of the statutes of 1880 upon that subject.    Section 250 provides that any person assessed upon any assessment roll, claiming to be aggrieved thereby, may present a verified petition setting forth that the assessment is illegal, specifying the grounds of the alleged illegality, or, if erroneous by reason of overvaluation, stating the extent of such overvaluation, or, if unequal, in that the assessment has been made at a higher proportionate valuation than the assessment of other property on the same roll by the same officers, specifying the instances in which such inequality exists, and the extent thereof, and stating that he is or will be injured thereby.   The statute, conferring this writ upon a person assessed, assumes that there are assessors who have apparently made an assessment roll under the requirements of the statute, and then, if the person assessed is aggrieved by the assessment, he may set up its illegality or inequality, specifying the grounds of the grievances, and that he is injured thereby, and thereupon he becomes entitled to the writ.   The statute does not limit the inquiry to certain grounds of alleged illegality, but it is available in any case where facts are alleged bringing the petitioner's case within the statute.   In other words he may claim that the assessment is invalid for any reason.   It was very properly held in People ex rel. D. & H. C. Co. v. Parker, 117 N. Y. 86, 22 N. E. 752, that certiorari was not the remedy to determine whether the persons purporting to make a roll were in fact assessors or not;  the court saying, at page 88 of 117 N. Y., at page 752 of 22 N. E.:

"The function of the writ of certiorari is to review the judicial action of inferior courts or tribunals.   It assumes their existence and the fact of official action, but draws in question the legality or correctness of that action.   It is wholly unsuited to a case in which there is no officer and no tribunal, and where as a consequence there could not have been any judicial action or anything to review."

In Van Deventer v. Long Island City et al., 139 N. Y. 133, 137, 34 N. E. 774, the court assumes that the Parker Case above applies only to cases where there is a valid assessment roll in which some person has for some reason been illegally assessed, or where the assessment is excessive or unjust.   But the case was decided upon other grounds, and is not, therefore, an authority as to the construction of the statute or as to the real point decided in the Parker Case.

It is probably true that merely calling a paper an assessment roll, which in form or substance is not such, and does not upon its face

appear to be an assessment roll at all, is not a proper subject to be reviewed by certiorari. If a person's name occurs upon an assessment roll, but in such a manner that there is clearly no assessment against him, he is not aggrieved by such a harmless act, and certiorari is not available to him. Such a case is People ex rel. Eckerson et al. v. Zundel et al., as Assessors and Trustees of the Village of Haverstraw, 34 App. Div. 626, 54 N. Y. Supp. 1112. But here it was the duty of the assessors to make a valid roll, and they attempted to perform that duty, and they are not in a very good position to ask the court to assume that there is not any semblance or appearance of regularity or validity to their official acts. The relator ought not to be deprived of his relief and of the right to rid himself of the judgment apparently standing against him by hearing the assessors claim that they acted so very illegally that there is not enough of their acts to justify a review. It is not material to this inquiry, nor to the relator's rights, whether other assessments upon the same roll are valid or invalid, or whether the whole roll is valid or invalid on account of matters not appearing upon its face. A person who finds his name upon an assessment roll apparently made pursuant to the statute, and which seems to be a judgment or a basis for a judgment against him for the amount of the tax levied or to be levied, has a right to his day in court by this speedy remedy which the statute has provided for him, and may establish that such assessment is invalid; and if in destroying the assessment against himself he destroys it as to others, or even against all persons assessed, it should not affect his right to the statutory remedy.

The order appealed from is therefore affirmed, with costs. All concur (COCHRANE, J., in result), except SMITH, P. J., not voting.