In the Matter of the Application of ALLEN SQUARE COMPANY and Others, Respondents, for a Writ of Certiorari Directed to HENRY T. KRIEGER, as Director of Assessments of the City of Jamestown, and Others, Appellants.

In the Matter of the Application of JAMESTOWN SHALE PAVING BRICK COMPANY and Others, Respondents, for a Writ of Certiorari Directed to HENRY T. KRIEGER, as Director of Assessments of the City of Jamestown, and Others, Appellants.

In the Matter of the Application of PAUL W. BLYSTONE and Others, Respondents, for a Writ of Certiorari Directed to HENRY T. KRIEGER, as Director of Assessments of the City of Jamestown, and Others, Appellants.

Fourth Department, May 21, 1926.

Taxation — assessment — review on certiorari under Tax Law, § 290 et seq., of real property assessments in city of Jamestown — petitions are sufficient as to overvaluation and inequality — first assessment roll prepared by director of assessments under city charter was rejected by city council and second roll was prepared, printed, and notice of hearing given — illegality under Tax Law, § 290, does not generally relate to matters making entire roll invalid — validity of charter provisions cannot be considered in this proceeding nor can claim that second roll was unauthorized and invalid — illegality based on insufficient verification and unsound theoretical basis may be considered — allegations as to preparation of first roll proper only as part of history of case and on question of valuations — reference was improper since no issue has been joined.

The petitions in these proceedings to review by certiorari, under section 290 *et seq.* of the Tax Law, assessments of real property in the city of Jamestown are sufficient as to overvaluation and inequality on a motion to quash the writs or strike out certain allegations of the petitions, for the petitions allege overvaluation and state, inferentially at least, the extent thereof, and it is conceded that proper objections were filed before the reviewing officials. As to inequality the petitions are sufficient since they allege that a rule assessing property at sixty per cent of the actual value was generally followed and applied. While no specific parcels of property are stated in the petitions as instances, the allegations are sufficient since the remaining properties on the roll are inferentially named as instances.

The word " illegality " as used in section 290 of the Tax Law is not to be taken in its broadest sense, and does not include conditions where there is want of power in the persons making the assessment, but contemplates rather an application of conceded power in an irregular manner or upon a basis erroneous in law or in fact. As a general rule matters open to review for illegality relate to assessments in an otherwise legal roll and not to the entire roll. Certiorari is proper, however, in cases where the irregularity or error amounting to illegality permeates the entire roll, provided it is not of the character which goes to the judicial quality of the assessment.

Accordingly, in this proceeding in which it appears that the first assessment roll prepared by the director of assessments of the city of Jamestown was later rejected by the city council, and a second roll prepared on a different theory, printed and notice of hearing given, the court will not consider on the ground of illegality, the constitutionality and validity of the charter provisions relating to the imposition of the duty to assess upon a director of assessments and the duty to review upon a board of review and correction, nor will it consider the question whether the second roll under which the city is proceeding was absolutely void, but the court may consider illegality resulting from insufficiency of verification or an unsound theoretical basis for the assessments.

The allegation of the petitions that the first roll is illegal on account of the absence of review is immaterial, for such roll is not here the subject of attack, but the allegations as to the preparation and filing of the first roll are proper as part of the history of the preparation of the second roll, and the valuations of the first roll may have some bearing on the correctness of the valuations in the second roll.

The order in so far as it directs a reference and appoints a referee is premature, since no issue has been joined and there is, therefore, nothing to refer.

APPEAL in each of the above-entitled proceedings by Henry T. Krieger, as director of assessments of the city of Jamestown, and others, from an order of the Supreme Court, made at the Chautauqua Special Term and entered in the office of the clerk of the county of Chautauqua on the 16th day of January, 1926, denying their motions to quash the writ of certiorari issued in each of the respective proceedings, or, in the alternative, to strike out certain parts of the petitions, directing the filing of a return and appointing a referee to hear the evidence and report to the court.

*Ernest Cawcroft, Corporation Counsel,* for the appellants.

*John S. Leonard,* for the respondents Allen Square Company and others, and Jamestown Shale Paving Brick Company and others.

*Clarence G. Pickard,* for the respondents Blystone and others.

SEARS, J. The several petitioners have brought these three certiorari proceedings under section 290 *et seq.* of the Tax Law (as amd. by Laws of 1916, chap. 323, and Laws of 1920, chaps. 643, 649) to review their respective assessments in relation to real property on the annual assessment roll of the city of Jamestown for

the year 1925. Motions by the city officials to quash the writs or, in the alternative, to strike out certain portions of the petitions have been denied and the city officials have appealed.

As the matters involved in all three proceedings are the same, they are considered together.

In such proceedings as this, persons aggrieved may seek relief on three grounds: 1. For overvaluation of the property; 2. For inequality in the assessment of their property as compared with other property upon the rolls; and 3. For illegality. The petitioners in these proceedings allege grievances on all three grounds.

Overvaluation is alleged and the petitions state, inferentially at least, the extent of the overvaluations claimed. It is conceded that proper objections were filed before the reviewing officials. It is apparent, therefore, that the petitions are sufficient to raise the question of overvaluation and the motions to quash the writs *in toto* were, therefore, properly denied.

As to the objections founded on inequality, the petitions are also sufficient. The allegation in each petition is that a rule assessing property at sixty per cent of the actual value was generally followed and applied. No specific parcels of property are cited as instances. The allegation is sufficient under the authorities. The remaining properties on the roll are inferentially named as instances. (*People ex rel. Ward* v. *Sutton*, 230 N. Y. 339; *People ex rel. N. Y., O. & W. R. Co.* v. *Wakeman, No. 3*, 143 App. Div. 816; *People ex rel. Erie R. R. Co.* v. *Webster*, 49 id. 556; *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Budlong*, 25 id. 373; *People ex rel. Fiske* v. *Feitner*, 95 id. 217; affd., 180 N. Y. 536.)

The petitioners also contend that the entire annual roll is illegal for various reasons. To understand these grounds some statement of the provisions of the Charter of the City of Jamestown relating to assessments and of the acts of the assessing officers of 1925 under such provisions of the Charter is necessary.

The Nineteen Hundred and Twenty-Three Charter of the City of Jamestown (Laws of 1923, chap. 665) imposes the duty of preparing the annual assessment roll on an officer called the director of assessments appointed by the mayor subject to confirmation by the city council. The director of assessments is required to complete the roll by July first of each year except when his time for doing so is extended by the city council, which can be for a period not to exceed thirty days. When the roll is completed by the director of assessments, he is required to cause notice of review and correction to be published for such time as the city council may direct. A board named the board of review and correction is authorized to hear all persons considering

themselves aggrieved by such assessments and to make all proper corrections. The board consists of five members, the president of the city council, two members of that body appointed by him and confirmed by the city council, and two citizens appointed by the mayor and confirmed by the city council. (See Charter, §§ 7, 9, 10, 70, 73, 74.)

In 1925 Henry T. Krieger was the director of assessments of the city of Jamestown and as such he completed the annual assessment roll on or about May twenty-ninth and deposited a copy of the same with the city clerk on June twenty-second. On the latter day the city council by resolution extended the time for the completion and filing of the roll for thirty days and directed an investigation of certain valuations contained in the roll. On or about July twentieth the city council by resolution declared this roll accepted, and directed the publication of notices fixing October sixth as the date for the review by the board of review and correction. This roll so completed and accepted is in these proceedings called the Krieger roll. No review of this assessment roll was had. The board of review and correction did not meet on the date fixed by the city council and no opportunity was ever given for the presentation of objections by persons aggrieved. The officers of the city apparently abandoned this roll entirely. About June twenty-sixth the city council adopted a resolution rejecting the Krieger roll and conferring upon a committee power to employ experts familiar with the so-called Somer system to prepare a revised roll to be submitted for approval and adoption to the director of assessments. This direction was followed and on or about October twelfth the director of assessments filed with the city council a new roll which is known in these proceedings as the Somer roll. The city council by resolution at once directed the printing of this Somer roll and fixed November fifth, and such following days as might be necessary, as the dates for the hearing of objections and the review and correction of the roll and directed notices thereof to be published. This was done and the petitioners appeared on the date named and filed proper objections with the reviewing board raising the questions which they now press in these litigations. On November eighteenth the board of review and correction having completed its work, filed the corrected roll with the city clerk and the petitioners alleged that such roll so prepared and completed is the basis upon which is attempted and threatened the collection of the city tax for the year 1925.

While the petitioners set out various specifications of illegality, the city officials, the appellants in this court, assert that such claims are either unsound as matter of law or at least are not matters

which may be litigated in certiorari proceedings under the Tax Law.

Illegality as that word is used in section 290 of the Tax Law (as amd. by Laws of 1916, chap. 323) is not to be taken in its broadest sense. It does not include conditions where there is an utter want of power in the persons making the assessment. It contemplates rather an application of conceded power in an irregular manner or upon a basis erroneous in law or in fact. In cases of a complete absence of power the person aggrieved must seek his remedy in other legal forms. He cannot review the assessment as a quasi judicial act and assert at the same time that there was no act at all partaking of such judicial character. (*People ex rel. D. & H. C. Co.* v. *Parker*, 117 N. Y. 86.) Generally matters open to review for illegality relate to assessments in an otherwise legal roll and not to an entire roll. (*Vandeventer* v. *Long Island City*, 139 N. Y. 133.) This, however, is not always the case. It is not fatal to the proceeding that the irregularity or error amounting to illegality permeates the entire roll provided it is not of the character which goes to the judicial quality of the assessment. (*People ex rel. Friendly* v. *Davenport*, 119 App. Div. 790.)

These general principles require a determination that the objections sought to be raised as to the constitutionality of the charter provisions relating to the imposition of the duty to assess upon a director of assessments and the duty to review upon a board of review and correction and as to the constitutionality of the provisions relating to the method of selection of director of assessments and the members of the board of review and correction are not proper subjects for litigation in these proceedings. Similarly the claim that when the director of assessments fully completed his duties by making and filing the Krieger roll within the time specified in the statute, he was thereafter completely without power to file another roll and that all acts which resulted in the Somer roll are, therefore, null and void and beyond the authority of the officers who performed them, is likewise not within the scope of review permissible in these proceedings. On the other hand, the allegations of illegality resulting from insufficiency of verification and an unsound theoretical basis for the assessments are within the scope of such proceedings. (*Vandeventer* v. *Long Island City, supra; U. S. Trust Co.* v. *Mayor, etc., of New York*, 144 N. Y. 488.)

The allegation of the petitions that the Krieger roll is illegal on account of the absence of review, while sound, is immaterial here as the assessments on such roll are not the subject of attack

in these proceedings. The allegations as to the preparation and filing of the Krieger roll are, however, proper allegations as part of the history of the preparation of the Somer roll, and the valuations in the Krieger roll may have some bearing on the correctness of the valuations on the Somer roll.

The order in so far as it directs a reference and appoints a referee is premature as no issue has as yet been joined and there is, therefore, as the cases now stand, nothing to refer.

The order should be modified so as to provide for striking out from the petition in the first above-mentioned case paragraph A, the first sentence of paragraph B, paragraph C, paragraph D, paragraph E, paragraph G, paragraph H, except the last seventeen words thereof of the section numbered " twelfth " and the order should provide for striking out from the petition in the other two proceedings the corresponding allegations; and the order should be further modified by striking out the last paragraph of the order, and as so modified the order should be affirmed, without costs.

HUBBS, P. J., CLARK, DAVIS and TAYLOR, JJ., concur.

Order modified in accordance with the opinion, and as modified affirmed, without costs of this appeal to either party.