D. Ormande Ritchie, J.
This is a motion by petitioners for an order amending the title and caption of a proceeding commenced pursuant to article 7 of the Real Property Tax Law to review the legality of the proceedings of respondents in assessing property so as to combine with the article 7 proceeding an action for a declaratory judgment declaring void the actions of the respondents in making the assessments.
What the petitioners seek to accomplish on this motion has consistently met with defeat in our courts. In a proceeding authorized by article 7 of the Real Property Tax Law, section 706 directs that the petition shall be founded upon a showing that the assessment is illegal, specifying the grounds of the alleged illegality. But the term “ illegal assessment ” as used in article 7 has been held not to contemplate an assessment which is wholly void for lack of jurisdiction (Matter of Allen Square Co. v. Krieger, 217 App. Div. 123).
In volume 22, Carmody-Wait, New York Practice, at page 582, it is stated that the illegality ’ contemplated by article 13 of the Tax Law, now article 7 of the Real Property Tax Law, ‘ does not encompass a genuine jurisdictional challenge to the very power of the taxing official to assess at all. The term refers to the use of methods of assessment unauthorized by law. It implies fundamental jurisdiction, but illegal means of exercising the power delegated ' ’.
Proceedings pursuant to article 7 are designed to review improper or wrongful methods employed by taxing authorities in assessing property for taxation purposes.
Where the acts purporting to constitute assessment are a complete nullity and totally void, a review designed to correct or modify such acts is futile, since such acts are incapable of correction or modification.
It follows that if petitioners’ position is that the respondents were without jurisdiction to assess, petitioners’ remedy lies in a plenary action for adjudication of such acts as void. If their contention is that such acts were an erroneous exercise of respondents’ authority to assess, then their remedy is a proceeding pursuant to article 7 of the Real Property Tax Law to review and correct those acts.
Proper and orderly procedure suggests that the issue of validity of respondents’ acts be initially determined. If that issue is resolved in petitioners’ favor, no further procedure is required. If the issue is resolved in respondents’ favor, the proceeding pursuant to article 7 of the Real Property Tax Law will result in the correction of error, if error is established.
*516 To permit the procedure proposed by petitioners, to wit, simultaneously to prosecute totally conflicting and contradictory claims, can only result in confusion repugnant to orderly procedure.
The motion is denied.