Roger J. Miner, J.
Petitioner seeks judgment declaring the 1977 real property assessment roll of the Town of Harden-burgh null and void, enjoining any further action in connection therewith and directing the, elimination of exemptions which have been granted "in an arbitrary, capricious or unlawful manner.” Respondent Kerwick is the sole assessor of the Town of Hardenburgh, respondent Buerge is the Town Clerk and the remaining respondents constitute the Board of Assessment Review. It is petitioner’s contention that respondent Kerwick improperly has granted exemptions for religious *153 purposes to certain properties whose owners are members of the Universal Life Church. Specifically, petitioner alleges that the assessor has failed to perform his statutory duties in examining applications for the exemptions allowed by sections 421, 436, 460 and 462 of the Real Property Tax Law.
It appears from the petition that 224 properties of the Town of Hardenburgh have been granted wholly exempt status on the 1977 assessment rolls, as compared to 11 properties on the 1976 roll. Petitioner attributes this extraordinary increase to applications for exemption by members of the Universal Life Church. In response to numerous inquiries the petitioner, prior to the taxable status date in 1977, caused to be prepared and forwarded to local assessment officers a memorandum of law regarding religious exemptions as applied to the Universal Life Church. The memorandum concluded as follows: "No fact situation has been presented to us which in our opinion would entitle real property owned by a ULC member to either a total exemption * * * or a partial exemption”.
In spite of the foregoing advice respondent Kerwick granted the exemptions and the tentative tax roll was completed. Thereafter, the Board of Assessment Review convened on grievance day and completed its work. Meanwhile, after a motion to quash had been denied, the assessor responded to a subpoena issued by petitioner and was examined concerning his procedures and methods in the granting of the exemptions. (Real Property Tax Law, § 204.)
While there appears to be a very serious question as to the propriety of issuing exemptions to properties owned by members of the Universal Life Church, that is not the issue here. In this proceeding the court is confronted with the extent of control to be exercised by petitioner over the decisions of a town assessor.
Obviously, the town assessor must perform his duties as prescribed by law. (Real Property Tax Law, art 5.) These duties include the application of rules and regulations promulgated by the petitioner. (Real Property Tax Law, § 216.) For failure to perform, an assessor may be removed from office (Real Property Tax Law, § 1522, subd 7), a penalty may be assessed against him (Real Property Tax Law, § 216, subd 1), or the court may order him to comply with an order of petitioner. (Real Property Tax Law, § 216, subd 2.)
In order for the court to issue its order to the assessor under the last described provision, the following procedure must be *154 followed: it must first appear that the assessor has failed to comply with the law or with rules and regulations adopted by petitioner pertaining to his duties; the petitioner must hold a hearing on the facts surrounding the assessor’s failure; the petitioner may then issue its order directing compliance; there must then be a failure to comply with that order within 10 days after its service; the petitioner may then apply to the court for a "summary order” to compel compliance. The prescribed procedure was not followed here.
This is not to say that there are not other remedies to correct an assessor’s failure to comply with statutes, rules and regulations pertaining to the granting of tax exemptions for religious purposes. Certainly, those who must bear the burden of taxation in the Town of Hardenburgh may institute the appropriate action or proceeding to review the wholesale exemptions granted there, (cf. C.H.O.B. Assoc. v Board of Assessors of County of Nassau, 45 Misc 2d 184, affd 22 AD2d 1015, affd 16 NY2d 779.) However, petitioner cannot be considered an aggrieved person (Real Property Tax Law, § 704, subd 1), nor do its statutory powers and duties extend to it the authority to bring this proceeding. (Real Property Tax Law, § 202.)
Submit judgment for respondents.