OPINION OF THE COURT
Roger J. Miner, J.
Continuing its efforts to prevent local assessors from granting exemptions from taxation to real property owned by members of the Universal Life Church, the petitioner has instituted this proceeding pursuant to subdivision 2 of section 216 of the Real Property Tax Law. (See Matter of State Bd. of Equalization & Assessment v Kerwick, 91 Misc 2d 152.) Respondent assessors move to dismiss the petition.
Apparently, the advisory memorandum issued by petitioner, relative to religious exemptions claimed by members of the Universal Life Church, was disregarded by all respondents. After hearings conducted by petitioner, a finding was made *549 that the exemptions granted were contrary to the provisions and standards of the Real Property Tax Law. Orders thereupon were issued to each of the respondent assessors, directing that they transmit to the boards of review in their respective towns, applications for the restoration to the tax rolls of those properties improperly accorded the religious exemption. The refusal of the respondents to comply with petitioner’s directions gives rise to this proceeding to compel compliance. In addition petitioner seeks to enjoin the towns represented by respondent assessors from levying and collecting 1978 taxes until there has been compliance with the petitioner’s orders.
The petitioner has general supervision of the assessment function and its instructions to assessors must be followed. (Real Property Tax Law, § 202.) Where an assessor fails to comply with the provisions of law relating to his duties, the petitioner may issue its order, after a hearing, directing compliance. (Real Property Tax Law, § 216, subd 2.) Although respondents challenge the procedures employed in the conduct of the hearings involving them, no particular form of procedure is mandated by statute. The hearings were not held for "disciplinary” purposes as contended by respondents. Although a hearing was required by statute, the action taken thereon by the petitioner was administrative in nature and the procedure followed is not subject to challenge. (8 Weinstein-Korn-Miller, NY Civ Prac, par 7803.07.)
It appears from the hearings that the respondents followed a deliberate course of conduct in disregarding petitioner’s guidelines and affording assessment exemptions to properties owned by members of the Universal Life Church. It further appears that, in many cases, this course of conduct reflected a protest of the numerous exemptions afforded under our Real Property Tax Law and the consequent tax burden in small communities. However that may be, the respondents have failed to make the necessary inquiries or accept the guidance of petitioner, granting wholesale exemptions under the provisions of sections 420, 436, 460 and 462 of the Real Property Tax Law. For the respondents to protest that they are unable to define "religion” or "religious” is unacceptable in light of the duties imposed upon them by law. Although difficulties are sometimes encountered in examining religious beliefs in view of the strictures of the First Amendment to the United States Constitution, the courts have established ample *550 guidelines for respondents in this area, as demonstrated in petitioner’s comprehensive and well documented memorandum. Suffice it to say, the inquiries made by respondents and the evidence accepted by them in granting the exemptions appear to be totally inadequate.
The court cannot, however, provide the petitioner with the entire relief it seeks. There is no authority to enjoin the collection of taxes, especially in view of the nature of the proceeding at bar. (Van Devanter v Long Island City, 139 NY 133.) The court can only direct that the assessors comply with petitioner’s orders by transmitting to their respective boards of assessment review petitions to restore to the tax rolls the properties determined to be improperly exempted. (Real Property Tax Law, § 553, subd 1, par [d].) The boards must then make their independent determinations. (Real Property Tax Law, § 1524.)
Obviously, problems are presented by time limitations. The dates for the convening of the boards of review to review current assessment rolls with respect to omissions have been fixed heretofore and may be different in each town; these dates may have passed. (Real Property Tax Law, § 553, subd 3, par [a].) Moreover, 10 days’ notice of the presentation of the assessors’ petitions to the boards must be given to the owners of the real property affected. (Real Property Tax Law, § 553, subd 2, par [b].) Since taxes are to be levied and collected in the respective towns on or about January 1, 1978, it would appear that the omissions of the properties alleged to have been improperly exempted can be corrected only on the next assessment roll.
Accordingly, an order may be submitted directing respondents to enter on the assessment rolls to be prepared in 1978, prior to the tentative completion thereof, those properties petitioner has deemed to have been improperly exempted on the current assessment rolls. Such properties shall be entered at the valuation shown on the current rolls and, if not so valued, at such valuation as respondents shall determine for the current rolls. (Real Property Tax Law, § 551.)